# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

MATTHEW SCHWIER,

          Defendant.

Case No. 3:17-cr-00095-SLG

## ORDER REGARDING MOTION IN LIMINE
## (CARVED FILES AND THUMBNAILS)

Before the Court at Docket 355 is defendant Matthew Schwier's Motion in Limine L-1: To Exclude Government Evidence of Carved Files and Thumbnails. The government responded in opposition at Docket 358. With leave from the Court, Mr. Schwier filed a reply at Docket 364.

Mr. Schwier seeks an order prohibiting the government from introducing evidence of thumbnail images and carved files of alleged child pornography that were discovered on hard drives found in Mr. Schwier's home. He asserts that "[b]ecause the government cannot establish that Mr. Schwier had ever accessed any of the carved files or thumbnails, or even knew of them, the evidence is not relevant to any disputed issue in the case."[1] He also maintains that the evidence

---

[1] Docket 355 at 2.

is excludable pursuant to Federal Rule of Evidence 403 because it is "substantially more unfairly prejudicial than probative."[2] The government responds that it "intends to offer the evidence in order to prove that the Defendant is the person who knowingly possessed and received the child pornography" and that the evidence is relevant to prove as much.[3]

Mr. Schwier maintains that the thumbnail and carved images' manner of storage and accessibility mean that there is no evidence that he ever accessed the files or had knowledge of them.[4] These arguments go to the weight that the jury should give to that evidence, not to its admissibility. The fact that computer forensics uncovered thumbnail and carved images of child pornography in the unallocated space on Mr. Schwier's hard drives has a tendency to make a fact of consequence—whether Mr. Schwier knowingly possessed, distributed, and received child pornography—more probable than it would be without the evidence.[5] Mr. Schwier disputes whether he acted knowingly, and the presence of the thumbnails and carved files on the unallocated space on his hard drives is circumstantial evidence relevant to whether Mr. Schwier possessed, distributed,

---

[2] Docket 355 at 2. Mr. Schwier also contends that "the evidence is so unreliable that its admission would be a violation of the defendant's due process rights." Docket 355 at 5, n. 4. Mr. Schwier does not develop a constitutional argument, and the Court does not further consider his due process contention.

[3] Docket 358 at 2.

[4] Docket 355 at 3–4.

[5] Fed. R. Evid. 401.

and received other child pornography located on the allocated space on his drives. The Court finds that the probative value of thumbnail and carved files evidence is not substantially outweighed by the danger of unfair prejudice or any other grounds for exclusion pursuant to Rule 403.

Mr. Schwier's citation to *United States v. Flyer* is not persuasive. In *Flyer*, the Ninth Circuit held that there was insufficient evidence to support a conviction for possession of child pornography when there was no evidence that the defendant had knowledge of or ability to access the files on unallocated drive space.[6] Accordingly, if the government here fails to present evidence that Mr. Schwier had the ability to access files containing child pornography in the time period alleged in the Fourth Superseding Indictment, then there would be no evidentiary basis for a conviction. However, the question at this juncture is not whether there is proof beyond a reasonable doubt of Mr. Schwier's knowledge and ability to access files; the question is whether the challenged evidence is admissible. As discussed, the Court finds that it is admissible and therefore, IT IS ORDERED that the motion at Docket 355 is DENIED.

DATED this 30th day of June, 2021, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[6] 633 F.3d 911, 919–20 (9th Cir. 2011). *See also United States v. Eiker*, Case No. 2:17cr72, 2017 WL 6459510, at *6 (E.D. Va. Dec. 18, 2017) ("*Flyer* stands merely for the proposition that evidence of images recovered from unallocated space, *standing alone*, cannot support such a conviction.") (emphasis in original).