**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

MATTHEW WILLIAM SCHWIER,

                Defendant.

Case No. 3:17-cr-00095-SLG

## ORDER REGARDING MOTION TO REGULATE DISCOVERY

Before the Court at Docket 369 is the government's Renewed Motion for Order Regulating Discovery and In Limine Litigation Regarding Defense Expert Evidence. Defendant Matthew William Schwier responded in opposition at Docket 372.

The government seeks an order "regulating discovery regarding the defense's expert witness and a reasonable procedure, prior to trial, for potential in limine litigation under *Daubert v. Merrell Dow Pharmaceuticals*."[1] Specifically, the government seeks from the defense a written summary of the expert's testimony, "the bases and reasons for those opinions, and the witness' qualifications" so that the government can determine whether it should file a motion in limine regarding

---

[1] Docket 369 at 1.

the expert.[2]  It appears that the defense intends to call Jeffrey Fischbach as an expert witness at trial but has provided no Rule 16 summary to the government. The government contends that "without knowing the basis of Mr. Fischbach's opinion, the Government cannot meaningfully litigate the admissibility [of] such evidence under Federal Rules of Evidence 702 or 403."[3]  The government maintains that it has disclosed to the defense summaries of its expert witnesses' testimony consistent with Federal Rule of Criminal Procedure 16(A)(1)(G), despite the defense not requesting such disclosures.[4]

Mr. Schwier responds that he has no obligation pursuant to Rule 16 to provide a summary of his expert's anticipated testimony for two reasons.  First, Mr. Schwier correctly notes that Rule 16 conditions his expert discovery disclosure on him having requested expert disclosure from the government, which he has not done.[5]  Second, Mr. Schwier maintains that the government has not provided him with a written summary of the expert testimony it intends to use in its case-in-chief,

---

[2] Docket 369 at 2.

[3] Docket 369 at 3.

[4] Docket 369 at 2; Docket 370 (copy of government's disclosed expert materials) (under seal). *See* Fed. R. Crim. P. 16(A)(1)(G) ("*At the defendant's request*, the government must give to the defendant a written summary of any testimony that the government intends to use . . . in its case in chief at trial.") (emphasis added).

[5] Docket 372 at 1; Fed. R. Crim. P. 16(b)(1)(C).

despite Rule 16 conditioning the defense's expert discovery disclosure obligation on the government having provided such a summary.[6]

The Court has reviewed the expert materials disclosed by the government and the government's recent filing of certain discovery in this case.[7]  The Court finds that the disclosed materials, standing alone, do not constitute "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial . . . [that] describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications"[8] because the materials produced are overbroad and do not indicate what portions of the discovery the government expects to actually introduce as expert opinion evidence in its case-in-chief.  However, the government clarified and limited the scope of its experts' testimony in its trial brief, which was filed more than two years ago.  The government's trial brief expressly summarizes FBI SA Steeves' anticipated testimony and explains her opinions and bases for the opinions.[9] The government provided SA Steeves' qualifications in its disclosure to the defense.[10]  Regarding SA Allison, his qualifications are set forth

---

[6] Docket 372 at 2–3; Fed. R. Crim. P. 16(b)(1)(C).

[7] *See* Docket 370 (copy of government's disclosed expert materials) (under seal).

[8] Fed. R. Crim. P. 16(a)(1)(G).

[9] Docket 119 at 15–18; Docket 370-1 at 113–16.

[10] Docket 370-1 at 118–21 (Steeves' curriculum vitae) (under seal).

in the government disclosure,[11] and in its trial brief the government limits and the trial brief adequately summarizes SA Allison's anticipated direct examination testimony, which explains his opinions and bases for the opinions.[12] In sum, the government has adequately disclosed its anticipated expert testimony at trial and the bases for the experts' opinions.

"There is universal acceptance in the federal courts that . . . a district court has the authority to enter pretrial case management and discovery orders designed to ensure that . . . that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."[13] Although Rule 16 does not obligate the defense to disclose an expert summary in light of the current discovery posture, the Court elects to exercise its inherent authority to regulate discovery and to minimize unjustifiable delay during trial.[14] Therefore, IT IS ORDERED that the defense shall disclose a written summary of Mr. Fischbach's expert testimony that the defense intends to use at trial, to include Mr. Fischbach's opinions, the bases for those opinions, and Mr. Fischbach's qualifications, to the government **on**

---

[11] Docket 370-1 at 122–25 (Allison's curriculum vitae) (under seal).

[12] Docket 119 at 12–13.

[13] *United States v. W.R. Grace*, 526 F.3d 499, 516 (9th Cir. 2008).

[14] *Cf. id.* ("As to the disclosures not mandated by Rule 16, the court has inherent authority to enforce its specific discovery order, which the government would violate if it were to call undisclosed nonexpert witnesses.").

**or before July 21, 2021.** Although Mr. Schwier contends that Mr. Fischbach's testimony may be affected by the trial testimony of the government's experts,[15] the Court emphasizes that it intends to hold the government to the summaries and limitations on expert testimony as presented in its trial brief. Accordingly, the defense expert should easily be able to anticipate the government experts' testimony. Although the government sought to have this disclosure made by July 2, 2021, so that it could file any necessary motions related to the defense expert,[16] the Court does not find this timeline to be necessary. There has been a significant amount of pretrial litigation in this case involving Mr. Fischbach, and the government should not now need two weeks to prepare a motion challenging his expert opinions. Moreover, the Court can hold any necessary hearing as to the admissibility of Mr. Fischbach's testimony on the scheduled day for the start of trial—without delaying the jury—by having the jury report one day later.

In light of the foregoing, the motion at Docket 369 is GRANTED IN PART. The defense shall produce its disclosure related to Mr. Fischbach to the government **on or before July 21, 2021.**

DATED this 2nd day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] Docket 372 at 6.

[16] Docket 369 at 9.