# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MATTHEW SCHWIER,

        Defendant.

Case No. 3:17-cr-00095-SLG

## ORDER REGARDING SECOND MOTION TO EXCLUDE EVIDENCE OF CARVED FILES AND THUMBNAILS

Before the Court at Docket 379 is defendant Matthew Schwier's Second Motion to Exclude Evidence of Carved Files and Thumbnails. The government responded in opposition at Docket 383.

Mr. Schwier seeks an order prohibiting the government from introducing evidence of thumbnail images and carved files of alleged child pornography that were discovered on the unallocated space of hard drives found in Mr. Schwier's home. He asserts that the government would offer this evidence "to establish the identity and/or knowledge of the person who possessed child pornography images in the allocated space of the devices"—in other words, as evidence pursuant to Federal Rule of Evidence 404(b).[1] Mr. Schwier asserts that the evidence is not

---

[1] Docket 379 at 1–2.

conditionally relevant pursuant to Rule 104(b) because there is no proof that he knew of the existence of the carved files and thumbnails, and because the evidence is not relevant, it is not admissible as Rule 404(b) evidence.[2] Mr. Schwier also maintains that to the extent the government seeks to use the evidence to prove knowledge, "when the government offers evidence of other acts under Rule 404(b) in order to prove the defendant's knowledge in the case being tried, there must be evidence of the defendant's knowledge of those other acts."[3] Mr. Schwier also asserts that the evidence is inadmissible pursuant to Rule 403.[4]

The government responds that the Court has already resolved this issue when it found that "the existence of [the carved files and thumbnails] is relevant to whether Mr. Schwier knowingly possessed, distributed and received child pornography on the allocated space."[5] The government appears to assert that the evidence is not Rule 404(b) evidence but is evidence that is directly relevant to the charges. The government has not filed a Rule 404(b) notice.

Evidence of the carved files and thumbnails is not Rule 404(b) other-acts evidence because the government is not seeking to introduce it to show knowledge or identity or any of the other enumerated bases for Rule 404(b) admissibility.

---

[2] Docket 379 at 3.

[3] Docket 379 at 3.

[4] Docket 379 at 5–6.

[5] Docket 383 at 2 (citing Docket 381 at 2 (Order Regarding Motion for Reconsideration)).

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 2 of 7
Case 3:17-cr-00095-SLG   Document 430   Filed 09/15/21   Page 2 of 7

Rather, evidence of the carved files and thumbnails is inextricably intertwined with the charged crimes, and "[e]vidence should not be treated as 'other crimes' evidence when the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined."[6] The Ninth Circuit has held that there are "[t]wo general categories of other act evidence" that may be inextricably intertwined with the alleged conduct. One category is evidence of acts that may constitute "a part of the transaction that serves as the basis for the criminal charge."[7] A temporal overlap is insufficient without a "sufficient contextual or substantive connection between the proffered evidence and the alleged crime."[8]

The evidence at issue here falls into this category because the carved files and thumbnails were on the hard drives in May 2017, the same time period when Mr. Schwier is alleged to have knowingly possessed and accessed child pornography and there is a connection between the evidence and the charged conduct. The carved files and thumbnails containing child pornography were located on unallocated space on the same drives on the same date that child pornography was located on allocated space of those drives. The existence of the

---

[6] *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (internal quotation marks omitted).

[7] *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (citing *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)).

The other category—evidence of other acts "that may be necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime"—does not apply here. *Dorsey*, 677 F.3d at 951 (citing *Vizcarra-Martinez*, 66 F.3d at 1012–13).

[8] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 3 of 7
Case 3:17-cr-00095-SLG   Document 430   Filed 09/15/21   Page 3 of 7

carved files and thumbnails is not a separate act used to prove Mr. Schwier's knowledge. Rather, it is a piece of forensic evidence that makes the fact of Mr. Schwier's alleged possession of child pornography on the allocated portions of his devices on that same date more probable than it would be without the evidence.[9] And evidence of the carved files and thumbnails on the unallocated space is also relevant as to whether the child pornography on the allocated space was accidentally placed on the hard drives. The fact that child pornography was on the unallocated space at the same time as there was child pornography found on the allocated space makes it more likely that the child pornography was knowingly placed onto the allocated space. In sum, because the evidence is inextricably intertwined with a charged offense, "the evidence should not be treated as 'other' crimes or 'other' acts evidence under Rule 404(b)."[10]

---

[9] *See* Fed. R. Evid. 401 (defining relevant evidence as evidence that has any tendency to make a fact of consequence more or less probable than it would be without the evidence); Docket 376 at 2–3 (first Order Regarding Motion in Limine (Carved Files and Thumbnails)) ("The fact that computer forensics uncovered thumbnail and carved images of child pornography in the unallocated space on Mr. Schwier's hard drives has a tendency to make a fact of consequence—whether Mr. Schwier knowingly possessed, distributed, and received child pornography—more probable than it would be without the evidence. Mr. Schwier disputes whether he acted knowingly, and the presence of the thumbnails and carved files on the unallocated space on his hard drives is circumstantial evidence relevant to whether Mr. Schwier possessed, distributed, and received other child pornography located on the allocated space on his drives.").

[10] *United States v. Loftus*, 843 F.3d 1173, 1178 (9th Cir. 2016). *Accord United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 1999) ("Proffered evidence falls outside the ambit of 404(b) . . . when it is 'inextricably intertwined' with evidence of the crime charged.").

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 4 of 7
Case 3:17-cr-00095-SLG   Document 430   Filed 09/15/21   Page 4 of 7

The Court also finds that the probative value of evidence of the child pornography on the carved files and thumbnails on the unallocated space is not substantially outweighed by a danger of unfair prejudice and is not otherwise excludable pursuant to Rule 403, particularly because the Court will impose the following limitations: The government will not be allowed to argue that the files located on unallocated space can form the basis of a conviction and the defense may request an appropriate limiting instruction in that regard. The government will also not be allowed to display any videos or images collected from the unallocated space.

Mr. Schwier cites to *United States v. Hardrick* for the premise that uncharged images of child pornography are not admissible unless the government can show that the defendant could access the uncharged images.[11] In *Hardrick*, the defendant was charged with possession of two specific child pornography videos. The district court allowed the government to introduce evidence of seven uncharged child pornography videos also found on the defendant's computers at the same time. The government had asserted that the uncharged videos

---

[11] Docket 379 at 2–3 n.3 (citing 766 F.3d 1051 (9th Cir. 2014)).

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 5 of 7
Case 3:17-cr-00095-SLG   Document 430   Filed 09/15/21   Page 5 of 7

constituted Rule 404(b) evidence, and the district court agreed. The district court also found the evidence admissible pursuant to Rule 403.

On appeal, defendant did not challenge the trial court's Rule 404(b) ruling. Accordingly, the Ninth Circuit's opinion focuses only on the district court's Rule 403 findings. The Circuit Court held that the evidence was not excludable pursuant to Rule 403 because "[t]he uncharged videos were probative of Hardrick's knowledge and relevant to his defenses either that he downloaded the [two charged] videos accidentally while downloading legal pornography or other files on LimeWire, or that a hacker had downloaded the videos to his computer."[12] Mr. Schwier maintains that "the reason that the 9th Circuit found no error in the admission of the evidence . . . was that the government presented evidence that the videos could not have been downloaded by a virus or Trojan horse, that Hardrick had opened and viewed one of the videos, and that most recently opened files on his computer included many with names that suggested they contained child pornography."[13] Mr. Schwier appears to assert that since there is no such evidence here as to the carved files and thumbnails, the carved files and thumbnails are inadmissible.

The Court does not find that *Hardrick* precludes the admission of the child pornography found on the unallocated space in this case. The *Hardrick* Court did

---

[12] *Hardrick*, 766 F.3d at 1055.

[13] Docket 379 at 3.

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 6 of 7
Case 3:17-cr-00095-SLG Document 430 Filed 09/15/21 Page 6 of 7

not consider whether the evidence of uncharged child pornography had been properly admitted as other-act Rule 404(b) evidence or was instead evidence that was inextricably intertwined with the two charged child pornography videos. The limited issue on appeal, as relevant here, was only whether the district court abused its discretion in conducting the Rule 403 balancing test, as to which the Ninth Circuit found no error.[14] The Ninth Circuit's opinion thus cannot be read to preclude the introduction of uncharged child pornography unless the government can present evidence that it had been accessed by the defendant.

In light of the foregoing, IT IS ORDERED that the motion at Docket 379 is DENIED.

DATED this 15th day of September, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] *Hardrick*, 766 F.3d at 1055.

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Order Re Second Motion to Exclude Evidence of Carved Files and Thumbnails
Page 7 of 7
Case 3:17-cr-00095-SLG   Document 430   Filed 09/15/21   Page 7 of 7