# UNITED STATES DISTRICT COURT
District of Alaska

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Supervised Release**) |
| MATTHEW WILLIAM SCHWIER | Case Number: 3:17-CR-00095-001-SLG |
| | USM Number: 20029-006 |
| | Robert Herz |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    3ssss of the Fourth Superseding Indictment and Criminal Forfeiture Allegation

☐ pleaded nolo contendere to count(s) _____  
    which was accepted by the court.

☐ was found guilty on count(s) _____  
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252(b)(2) | Possession of Child Pornography | 05/01/2017 | 3ssss |
| 18 U.S.C. § 2253 and Rule 32.2 | Criminal Forfeiture Allegation | N/A | N/A |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   4ssss of the Fourth Superseding Indictment

     ☒ is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

6/30/2023  
Date of Imposition of Judgment

s/SHARON L. GLEASON  
Signature of Judge

Sharon L. Gleason, Chief United States District Judge  
Name and Title of Judge

7/11/2023  
Date

DEFENDANT: MATTHEW WILLIAM SCHWIER
CASE NUMBER: 3:17-CR-00095-001-SLG

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

37 MONTHS

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant be considered for designation to FCI Englewood.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☒ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                               UNITED STATES MARSHAL

                            By _____
                                               DEPUTY UNITED STATES MARSHAL

DEFENDANT: MATTHEW WILLIAM SCHWIER  
CASE NUMBER: 3:17-CR-00095-001-SLG

Judgment — Page **3** of **8**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

7 YEARS

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

DEFENDANT:     MATTHEW WILLIAM SCHWIER
CASE NUMBER:     3:17-CR-00095-001-SLG

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband, a violation of a condition of supervision, or a violation of law. Contraband includes, but is not limited to, any computers, electronic media, videotapes, CD's, DVD's, Zip drives, PDA's or other electronic media storage devices. Failure to submit to a search may be grounds for revocation.

2. The defendant shall not initiate contact with any person under the age of 18 years without adult supervision, excluding his/her own minor children, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider. If a minor, other than his own children, initiates contact, the defendant must notify the probation officer.

3. The defendant shall not seek employment, engage in leisure activities or loiter near places designated primarily for minors such as schools and playgrounds, which may bring the defendant into unsupervised contact with any person under the age of 18 years. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third-party communication.

4. The defendant shall conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits, within 24 hours of release on supervision or any change in circumstances.

5. The defendant shall not possess any material showing sexually explicit conduct as defined under 18 U.S.C. § 2256 or as deemed inappropriate by his probation officer and/or treatment provider or patronize any location or website where such material or entertainment is featured.

6. The defendant shall participate in a program of sex offender assessment and treatment, as directed by the probation officer, until such time as he/she is released from the program. This assessment and treatment may include physiological testing such as polygraph to assist in planning, case monitoring, and supervision. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider(s). Following completion of any sex offender treatment program, the defendant shall continue to submit to polygraph examination at the direction of the probation officer to assist with monitoring any perceived risks of danger to the community.

7. The defendant shall not possess or use a computer or internet capable device without the expressed written permission of his probation officer. If authorized by the probation officer to have access to a computer device, the defendant shall agree to and allow the installation of monitoring software/hardware on the device(s) and agree to participate in a computer monitoring program, at the defendant's expense. The defendant shall permit routine inspection of his computer device(s) or any other computer system maintained by the defendant to include, but not limited to, external hard-drives, thumb drives, gaming systems, and/or cloud storage under his control. The inspection shall be no more intrusive than is necessary to ensure compliance with the defendant's conditions of supervision. Failure to strictly adhere to this condition may be grounds for revocation.
/////////////////////////////////////////////////////////////////////////////////////////////

DEFENDANT: MATTHEW WILLIAM SCHWIER
CASE NUMBER: 3:17-CR-00095-001-SLG

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: MATTHEW WILLIAM SCHWIER
CASE NUMBER: 3:17-CR-00095-001-SLG

Judgment — Page **7** of **8**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 15,000.00 | Waived | Waived | $ 5,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Marineland1 Series | $3,000.00 | $3,000.00 | 100% |
| MotorCouch 1 | $3,000.00 | $3,000.00 | 100% |
| Angela | $3,000.00 | $3,000.00 | 100% |
| Vicky | $3,000.00 | $3,000.00 | 100% |
| Tara | $3,000.00 | $3,000.00 | 100% |
| TOTALS | $15,000.00 | $15,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MATTHEW WILLIAM SCHWIER
CASE NUMBER: 3:17-CR-00095-001-SLG

Judgment — Page **8** of **8**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $20,100.00 due immediately, balance due

    ☐ not later than _____, or

    ☒ In accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after the date of this judgment; or

D ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, District of Alaska. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetary Penalties (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: The defendant shall forfeit property as listed in the Fourth Superseding Indictment (Dkt. 279).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.